IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:16-cv-69 (WOB)

ROBERT E. DYER                                          PLAINTIFF

VS.                   MEMORANDUM OPINION AND ORDER

BROWN COUNTY CHILD
ENFORCEMENT AGENCY, STATE
OF OHIO, ET AL                                          DEFENDANTS

Plaintiff, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that defendants have violated his right not to be subject to double jeopardy in connection with their efforts to collect unpaid child support from him. (Doc. 1).

Defendants Cecilia Potts and the Brown County Child Support Enforcement Agency have filed a motion to dismiss (Doc. 16), plaintiff filed a motion for summary judgment (Doc. 43), and there are several other non-dispositive motions pending as well. (Docs. 21, 24, 26, 45, 46, 49).[1]

---

[1] Defendant Campbell County Child Support was previously dismissed. (Doc. 42).

Upon review of the complaint, the Court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

Briefly, plaintiff failed to pay child support in Ohio, and the Brown County Child Support Enforcement Agency obtained a judgment against him in Ohio state court.  After plaintiff moved to Kentucky, the agency registered the judgment in Kentucky (Doc. 1-1 at 4-10), and the Campbell Circuit/Family Court ordered plaintiff to pay $200 each month to satisfy the child support arrearages.   (Doc. 1-1 at 11-12).   Plaintiff asserts that defendants' actions constitute double jeopardy.

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.

"The constitution's double jeopardy clause applies only to successive criminal proceedings." *Taylor v. District of Columbia*, 606 F. Supp. 93, 96 (D.D.C. 2009).  In *Taylor*, the court faced a very similar claim and explained:

> Plaintiff's contention in this complaint appears to be based on confusion between a criminal sentence or punishment, and other adverse actions by a governmental authority that do not amount to criminal punishment. . . . **The plaintiff's underlying proceeding to enforce the child support payments or sanctions for failure to pay the ordered child support cannot, by definition, constitute double jeopardy.**

*Id*. (emphasis added).

2

Here, plaintiff was subject only to one proceeding — the Brown County action — and it was not criminal in nature. Plaintiff has thus failed to state a plausible double jeopardy claim

Therefore, having reviewed this matter, and being otherwise advised,

**IT IS ORDERED** that:

(1) Defendants' motion to dismiss (Doc. 16) be, and is hereby, **GRANTED**;

(2) Plaintiff's motions for extensions (Docs. 21, 24) and motion to stay (Doc. 45) be, and are hereby, **GRANTED NUNC PRO TUNC**;

(3) Defendants' remaining motion (Docs. 26, 43, 46, 49) be, and are hereby, **DENIED**; and

(4) This matter is stricken from the docket of the Court.

This 14th day of November, 2016.



Signed By:
William O. Bertelsman
United States District Judge

3